

# The Attorney General of Texas

November 24, 1981

MARK WHITE
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

1607 Main St., Suite 1400
Dallas, TX. 75201
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Dan W. Heard
Criminal District Attorney
Calhoun County Courthouse
Port Lavaca, Texas    77979

Opinion No. MW-393

Re:    Payment    of    county
hospital    medical    staff    for
treatment    of    indigent
patients at the hospital

Dear Mr. Heard:

You have requested our opinion on the following question:

> Is it proper for a county or a county hospital to
> pay doctors on the medical staff of the county
> hospital for treating indigent patients at the
> hospital?

Statutory provisions governing county hospitals are found in V.T.C.S.
article 4478, et. seq.

General management and control of a county hospital is vested in
a board of managers under article 4480, V.T.C.S., which provides, in
part, as follows:

> The board shall also appoint a staff of visiting
> physicians who shall serve without pay from the
> county, and who shall visit and treat hospital
> patients at the request either of the managers or
> of the superintendent.

> Said board shall fix the salaries of the
> superintendent and all other officers and
> employees within the limit of the appropriation
> made therefor by the commissioners court, and such
> salaries shall be compensation in full for all
> services rendered.

The statutory scheme of article 4480 thus contemplates two
potential classes of physicians who may be on the medical staff of a
county hospital: physicians who are employees of the hospital and
visiting physicians. With regard to the former class, article 4480
makes clear that their salaries are full compensation for all services

rendered, regardless of the financial status of the patients receiving the services.

In Attorney General Opinion O-2422 (1940), this office held that the board of managers of a county hospital could not allow claims of physicians and surgeons for services rendered to charity patients in a hospital. This opinion has not been overruled by this office or modified by the legislature. We believe it is dispositive of your question.

It has been suggested that the Professional Services Procurement Act, article 664-4, V.T.C.S., impliedly repeals article 4480, V.T.C.S., and requires that a county pay reasonable fees to doctors on the medical staff. Article 664-4, V.T.C.S., provides in pertinent part:

> Sec. 2. For purposes of this Act the term 'professional services' shall mean those within the scope of the practice of accounting, architecture, optometry, medicine or professional engineering as defined by the laws of the State of Texas or those performed by any licensed architect, optometrist, physician, surgeon, certified public accountant or professional engineer in connection with his professional employment or practice.

> Sec. 3. No state agency, political subdivision, county, municipality, district, authority or publicly-owned utility of the State of Texas shall make any contract for, or engage the professional services of, any licensed physician, optometrist, surgeon, architect, certified public accountant or registered engineer, or any group or association thereof, selected on the basis of competitive bids submitted for such contract or for such services to be performed, but shall select and award such contracts and engage such services on the basis of demonstrated competence and qualifications for the type of professional services to be performed and at fair and reasonable prices, as long as professional fees are consistent with and not higher than the published recommended practices and fees of the various applicable professional associations and do not exceed the maximum provided by any state law.

Contracts entered into in violation of this statute are void as contrary to public policy.  V.T.C.S. art. 664-4, §4.

In our opinion, the purpose of this statute was to ensure that competitive bidding statutes would not be applied to the employment of persons in the enumerated professions.  The emergency clause clearly expresses this intent:

> Sec.  8.    The  fact  that  the  selection  of certified  public  accountants,  architects, physicians,  optometrists,  surgeons  and professional engineers on the basis of the lowest bid places a premium on incompetence and is the most likely procedure for selecting the least able or qualified and the most incompetent practitioner for the performance of services vitally affecting the health, welfare and safety of the public and that, in spite of repeated expressions of the legislature excepting such professional services from statutes providing for competitive bidding procedures, some public officers continue to apply competitive bidding procedures to the selection of such professional personnel, creates an emergency of the greatest public importance to the health, safety and welfare of the people of Texas and an imperative public necessity requiring that the Constitutional Rule that bills be read on three several days in each House be suspended, and such Rule is hereby suspended, and this Act shall take effect from and after its passage, and it is so enacted.

Acts 1971, 62nd Leg., ch. 38, §8, at 72.  The emergency clause may be considered in ascertaining the legislative intent expressed in a statute.  Houston Belt Terminal & Ry. Co. v. Clark, 143 S.W.2d 373 (Tex. 1940).

Article 664-4, V.T.C.S., did not impliedly repeal every statute authorizing the appointment of a physician to a public service position carrying little or no compensation.  See, e.g., Medical Practices Act, §§2.05, 2.06, Acts 1981, 1st C.S., ch. 1, §1 (qualifications and compensation of members of Board of Medical Examiners).  Section 3 of article 664-4, V.T.C.S., clearly states that professional fees must not "exceed the maximum provided by any state law."  Article 4480, V.T.C.S., provides that visiting physicians shall serve without pay from the county.  Thus, the provisions of article 664-4, V.T.C.S., and article 4480, V.T.C.S., may be construed in harmony.  Article 664-4, V.T.C.S., prevents public officials from engaging the stated professional services on competitive bids and

restricts their discretion in setting compensation by requiring reasonable fees. It has no bearing where the legislature has enacted a statute setting or denying compensation for physicians and other professionals.

We conclude that the board of managers of a county hospital may not pay physicians for treating indigent patients at the hospital.

### S U M M A R Y

Article 4480, V.T.C.S., prevents a county from paying doctors on the medical staff of the county hospital for treating indigent patients at the hospital.

Very truly yours,

M A R K   W H I T E
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

RICHARD E. GRAY III
Executive Assistant Attorney General

Prepared by Susan L. Garrison
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Susan L. Garrison, Chairman
Jon Bible
Rick Gilpin
Jim Moellinger
Bruce Youngblood